sonal involvement of these individuals in the alleged violations. We conclude that Guillory's appeal as to these defendants is without merit substantially for the reasons articulated by the district court. *Guillory v. Cuomo,* No. 14–CV–0971 (N.D.N.Y. Dec. 2, 2014).

Second, the district court correctly dismissed Guillory's claims against Cuomo. While we have held that evidence that a prisoner sent a letter with a medical complaint to a prison official "may create an issue of fact as to whether [the official] was deliberately indifferent to [the prisoner's] medical needs," *Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir.2003); *see also Grullon v. City of New Haven,* 720 F.3d 133, 141 (2d Cir.2013) (concluding that at pleading stage, plaintiff is "entitled to have the court draw the reasonable inference— if his ... complaint contained factual allegations indicating that the Letter was sent to the [defendant] at an appropriate address and by appropriate means—that the [defendant] in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [the plaintiff] complained"), here Guillory alleges only that he "wrote [Cuomo] several letters and affidavits explaining the beatings by staff upon [him]." Am. Compl. at 16. He did not allege when and where the letters were sent, what they said, or how they were sent. Accordingly, Guillory has not pleaded facts sufficient to "nudge[ ]" his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. Moreover, the district court provided Guillory with an opportunity to amend his complaint again, but Guillory declined to do so.

Third, the district court correctly dismissed Guillory's specific allegations involving ART for failure to state a constitutional claim. Assuming that Guillory was attempting to raise a due process claim, his allegations are insufficient because he does not have a protected liberty interest in participating in ART. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (noting that eligibility for rehabilitative programs in federal prisons is not protected by the Due Process Clause); *Lee v. Governor of N.Y.,* 87 F.3d 55, 58 (2d Cir.1996) (holding no liberty interest in participating in temporary release program).

Finally, we have considered all of Guillory's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

**UNITED STATES of America,**
**Appellee,**

v.

**John C. KILLINGBECK, Defendant–**
**Appellant.**

**No. 14–1898–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 5, 2015.

graphic images involving children between the ages of five and eight, and had done so as recently as a month prior to the interview.

4.   Killingbeck argues that his Sixth Amendment right to a public trial was violated because the district court granted the government's request not to display trial evidence showing images of child pornography on the monitors that were visible to courtroom spectators.  (Those images were displayed on monitors visible only to the court, testifying witnesses, counsel, and the jury.)  Killingbeck (who was *pro se* at trial) did not object to the district court's ruling.

The Sixth Amendment creates a "presumption of openness" in criminal trials. *United States v. Gupta*, 699 F.3d 682, 687 (2d Cir.2011) (internal quotation marks omitted).  "The public trial guarantee is not absolute, however."  *Id.*  Court proceedings may be partially or wholly closed to the public if doing so would serve some overriding interest.

A trial court's decision to wholly or partially exclude the public from a proceeding is not subject to harmless error review, but may be subject to plain error review. *United States v. Gomez*, 705 F.3d 68, 74 (2d Cir.2013).  Because Killingbeck did not object to the district court's decision below, we review the court's decision for plain error.

We need not decide whether the district court erred because even if it did, that error was not "plain" and did not seriously affect "the fairness, integrity, or public reputation" of the trial.  *Id.* at 76.  Even assuming that restricting the display of trial exhibits to the courtroom audience constitutes a partial "closure" for Sixth Amendment purposes, the government presents substantial reasons for doing so—limiting the continuing harm to victims of child pornography.  *Cf. Osborne v. Ohio*, 495 U.S. 103, 111, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come.").  Moreover the restriction was narrow: the public was not excluded from the courtroom and could see the witnesses and hear their testimony. *Cf. Gupta*, 699 F.3d at 687 (exclusion of public from courtroom during entire *voir dire* violated the Sixth Amendment).  A trivial closure, even if intentional and unjustified, may not rise to the level of a Sixth Amendment violation.  *Carson v. Fischer*, 421 F.3d 83, 92 (2d Cir.2005) ("Even an unjustified closure may, in some circumstances, be so trivial as not to implicate the right to a public trial.").  On this record, we are satisfied that any error by the district court was not plain and did not seriously affect the fairness, integrity, or public reputation of the trial.

For the foregoing reasons, and finding no merit in Killingbeck's other arguments, we hereby **AFFIRM** the judgment of the district court.